IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SAM HALES, # 28932**                                                         **PETITIONER**

**V.**                                            **CIVIL ACTION NO. 2:18CV171 KS-LRA**

**RONALD KING**                                                       **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Sam Hales filed a petition for writ of habeas corpus relief on September 21, 2018. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

On August 12, 2015, Petitioner was convicted of sexual battery (Count I) and touching a child for lustful purposes (Count II) in the Circuit Court of Jasper County, Mississippi. He was sentenced to consecutive terms of 25 years on Count I and 15 years on Count II, to be served in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed the convictions and sentences on March 2, 2017. *Hales v. State*, 213 So.3d 511 (Miss. 2017). On May 8, 2018, Petitioner filed a motion for post-conviction relief (signed May 3, 2018) in the Mississippi Supreme Court *pro se*. The motion was denied on July 26, 2018. Petitioner did not seek a writ of certiorari review in the United States Supreme Court.[1]

---

[1] ECF Nos. 11-1—11-3.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Petitioner's conviction became final on May 31, 2017, 90 days after the Mississippi Supreme Court affirmed his conviction and sentences. Because the time period during which he could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Absent any equitable or statutory tolling, Petitioner would have been required to file his federal petition on or before May 31, 2018. However, his state-court motion for post-conviction relief signed May 3, 2018 (stamped "filed" May 8, 2018) tolled AEDPA's statute of limitations. As a result, he is credited with the 84-day period during which the motion was pending, extending AEDPA's deadline to Thursday, August 23, 2018. Because the instant petition (signed September 13, 2018) was not filed until September 21, 2018, it is untimely absent any additional equitable or statutory tolling.

In opposition to the motion to dismiss, Petitioner maintains that his petition is timely because the statute of limitations did not commence until July 26, 2018, the date the Mississippi Supreme Court denied his motion for post-conviction relief, and accordingly, will not expire until July 26, 2019. To the contrary, the plain language of the AEDPA provides that it runs for one year after the final judgment of the defendant's

3

conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. As noted *supra*, Petitioner's judgment became final on May 31, 2017, and AEDPA commenced running **on that date**. The statute of limitations was tolled only for 84 days and expired before Petitioner filed the instant petition. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (citation and quotation marks omitted).

Petitioner's other arguments are also unavailing. He alleges, for instance, that his appellate counsel improperly filed his appellate brief in the Mississippi Supreme Court instead of the Mississippi Court of Appeals and failed to raise the ineffectiveness of trial counsel on direct appeal. Neither is relevant, however. Petitioner does not demonstrate that appellate counsel or the state courts caused or contributed to the instant petition's untimeliness. As Respondent argues, the factual predicates of an ineffective assistance of trial counsel claim were discoverable before the statute of limitations commenced. Moreover, Mississippi law provides that ["a]ll appeals from final orders of trial courts shall be filed in the Supreme Court and the Supreme Court shall assign cases, as appropriate, to the Court of Appeals." Miss. R. App. P. 16(a). The Mississippi Court of Appeals "shall only have such jurisdiction as is conferred upon it by assignment of appeals and other proceedings by the Supreme Court." Miss. R. App. P. 16(b).

Petitioner also claims that he was required to exhaust his administrative remedies before seeking federal review. However, no state court matter of any kind was pending after the Mississippi Supreme Court denied his motion for post-conviction relief. Yet, he

4

did not file the instant petition until September 13, 2018, nearly 60 days after his state post-conviction relief application was denied, and 21 days after AEDPA's extended deadline.  None of AEDPA's other statutory exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition.

Lastly, to the extent Petitioner asserts that his actual innocence warrants additional tolling, his argument is rejected.  To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Actual innocence itself is not a free-standing ground for habeas corpus relief. *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup,* 513 U.S. at 299 (1995).

Petitioner has not met this high burden here. Apart from asserting his innocence, he has not presented any new, reliable evidence to this Court to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial. Nor has he shown that no reasonable juror would have convicted him based on "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Stephens*, 739 F.3d 763, 767.

In the absence of any evidence warranting additional statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 29, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
