# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

SAM HALES, # 28932            PETITIONER

VERSUS            CAUSE NO. 2:18CV171-KS-LRA

RONALD KING and CENTRAL
MISSISSIPPI CORRECTIONAL
FACILITY            RESPONDENTS

## ORDER

This cause came before the Court on the Report and Recommendation of the United States Magistrate Judge entered herein on April 29, 2019 [17] regarding Defendants' Motion to Dismiss [11]. Following a court authorized extension of time, Petitioner filed his Motion of Objection to the Report and Recommendation of United States Magistrate Judge [20]. The same document was filed and docketed as a Motion for an evidentiary hearing [21]. Defendant filed a notice of its intention not to object to the Magistrate's recommendation [22], but did respond to Petitioner's request for an evidentiary hearing [23]. Having fully reviewed the Magistrate's Report and Recommendation, the parties' submissions, as well as the record in this matter, and otherwise being duly advised in the premises, the Court finds that said Report and Recommendation should be adopted as the opinion of this Court, the Motion to Dismiss [11] granted and Petitioner's Motion for an evidentiary hearing will be denied. Notwithstanding, Petitioner raises two objections, as well as request for evidentiary hearing, the Court wishes to address briefly.

First, Petitioner contends that it was improper to find that he was required to seek a writ of certiorari in the United States Supreme Court pursuant to *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999). However, Petitioner appears to misapprehend the opposition's argument. Neither the Defendant nor the Magistrate Judge stated that a writ of certiorari to the U.S. Supreme Court was

required, merely that the 90 days allotted for seeking such review is added into the tolling of the limitations period under 28 U.S.C. § 2244(d)(1)(A) pursuant to *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Under 28 U.S.C. § 2244(d)(1)(A), the March 2, 2017 date that the Mississippi Supreme Court affirmed Petitioner's conviction and sentences, plus the 90 days for "the expiration of the time for seeking such review" moves the commencement date for the one-year limitation period to May 31, 2017. As such, Petitioner received the benefit of the 90 days for seeking further review even though he never filed a petition with the U.S. Supreme Court.

In *Ott*, the Fifth Circuit held that a petition seeking Supreme Court certiorari does not toll a petitioner's limitation period under Section 2244(d)(2). Indeed, that section addresses a properly filed application for State post-conviction review. *Ott* has no application in this case because no one has raised such an issue here. Again, Petitioner already received the benefit of tolling for 90 days despite not having filed such a petition. Under Section 2244(d)(2), Petitioner received the benefit of his state court motion for post-conviction relief by having the limitation period tolled for the 84 days it was pending. Thus, May 31, 2017 date noted above plus these 84 days of tolling results in the one-year limitations period beginning on August 23, 2017. Therefore, the Magistrate Judge properly concluded that Petitioner's petition filed on September 21, 2018 was untimely.

Second, Petitioner, in objecting to the Report and Recommendations, again raises his actual innocence and clarifies that he is not seeking to toll on this issue,[1] but rather that a showing of actual innocence enables habeas petitioners to overcome a procedural bar, such as the expiration of the statute of limitations, to allow consideration of the merits of their constitutional claims. [20]

---

1 The Magistrate Judge had indicated that "to the extent Petitioner asserts that his actual innocence warrants additional tolling, his argument is rejected." [17] at p. 5.

at p. 9. Petitioner relies on *Schlup v. Delo*, 513 U.S. 298 (1995). Unfortunately for Petitioner, *Schlup* is not applicable in this case because that case dealt with successive habeas claims in a death penalty case wherein the Supreme Court held that one particular standard governs "the miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims." *Id*. at 326-327. As the Magistrate Judge noted, "Actual innocence is not a free-standing grounds for habeas corpus relief." [17] at p. 5 (citing *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014)).

Nevertheless, the problem for Petitioner is not that he wants to argue actual innocence to overcome a procedural bar, but that, even if he were allowed to do so, he must produce *new evidence* sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013). The Magistrate Judge found that in Petitioner's response to the Motion to Dismiss, he had not presented any new reliable evidence to meet such a high burden. [17] at p. 6. In his Objection to the Magistrate's findings, Petitioner has still not done so. He argues that certain evidence at the trial was not considered by the jury during deliberations because it was "suppressed" or perhaps not properly admitted into evidence. [20] at p. 10-11. This evidence was J.P.'s[2] school disciplinary records, J.P.'s medical records and records relating to J.P.'s mental disorders. *Id*. This evidence is not "new evidence," and any evidentiary issues or possible error as to why these documents may or may not have been considered by the jury is not within the purview of this Court to review on

---

[2] These initials refer to the youth whose testimony helped to convict Petitioner, whom Petitioner claims suffers from mental disorders, etc. [20] at p. 10.

a writ of habeas corpus. *Sunal v. Large*, 332 U.S. 174, 179 (1947) (explaining that a writ of habeas corpus "is not designed for collateral review of errors of law committed by the trial court"). As such, the Court finds that an evidentiary is not warranted to address this evidence that was available but not considered by the jury.

IT IS, THEREFORE, ORDERED that the Report and Recommendation [17] be, and the same hereby is, adopted as the finding of this Court. Defendants' Motion to Dismiss [11] is hereby GRANTED. The Petitioner's federal habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and is hereby dismissed with prejudice. It is FURTHER ORDERED that Petitioner's request for an evidentiary hearing [21] is DENIED.

ORDERED and ADJUDGED this 30th day of September 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE